UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CESAR GONZALEZ, HERMOGENES
BRAVO (AKA MARCOS BRAVO),
HERMENEGILDO FLORES, JOSE FILEMON
PEREZ, TOMAS SORIANO, and JUAN
CARLOS DIAZ BRAVO, *individually and
on behalf of others similarly situated,*

                    Plaintiffs,

   -against-

27 W.H. BAKE, LLC (d/b/a Flavors Café),
AMR MOTAIR, RAMY MOTAIYR and
STEVE TENEDIOS,

                    Defendants.
-----------------------------------------------------------------X

Index No. 15-cv-4161 (PAC)

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT

            HOFFMANN & ASSOCIATES
            *Attorneys for Defendants 27 W.H. Bake, LLC*
            *(d/b/a Flavors Café), Amr Motair, Ramy*
            *Motaiyr and Steve Tenedios*
            450 Seventh Avenue, Suite 1400
            New York, New York 10123
            Ph:  (212) 679-0400
            Fax: (212) 679-1080

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CESAR GONZALEZ, HERMOGENES
BRAVO (AKA MARCOS BRAVO),
HERMENEGILDO FLORES, JOSE FILEMON
PEREZ, TOMAS SORIANO, and JUAN
CARLOS DIAZ BRAVO, *individually and
on behalf of others similarly situated*,

                    Plaintiffs,

    -against-

27 W.H. BAKE, LLC (d/b/a Flavors Café),
AMR MOTAIR, RAMY MOTAIYR and
STEVE TENEDIOS,

                    Defendants.
-----------------------------------------------------------------X

Index No. 15-cv-4161 (PAC)

MEMORANDUM OF LAW
IN SUPPORT OF
DEFENDANTS' MOTION
FOR PARTIAL
SUMMARY JUDGMENT

## PRELIMINARY STATEMENT

The instant case involves claims for unpaid wages and related allegations made by six former employees of Flavors Café, a small delicatessen located at 27 Whitehall Street in lower Manhattan. The suit was filed against the limited liability corporation which owns Flavors Café as well as individual owners/managers Amr Motair, Ramy Motaiyr and Steve Tenedios[1].

Simply put, the case is frivolous and nothing more than a strike suit against a law abiding small business owner.

Two of the six plaintiffs (Cesar Gonzalez – the lead plaintiff – and Juan Carlos Diaz Bravo) have completely recanted their claims alleged in the first amended complaint (the "FAC") and flatly admitted at their depositions that they have no cognizable claim against

---

[1] Plaintiffs' counsel has agreed to voluntarily dismiss all claims against Steve Tenedios, but has not yet executed a stipulation effectuating this.

2

defendants and that they decided to commence a lawsuit against defendants for palpably improper purposes.

The depositions of Gonzalez and Diaz Bravo were taken in March 2016 yet, to date, no action has been taken by plaintiffs' counsel to amend or withdraw the perjurious allegations set forth in the FAC relating to these two individuals. Sadly, defendants have had to bear the cost of answering and conducting discovery over these fabricated claims and are now incurring additional expense in moving to have them dismissed.

The claims set forth in the FAC on behalf of the other four plaintiffs are equally contrived. However, because these individuals "stuck to their story" at their depositions, summary judgment is not now appropriate and their claims will have to be tried.

## ARGUMENT

### A.  The Legal Standards Governing Partial Summary Judgment

The standards for summary judgment are well settled. Summary judgment is appropriate if the evidence shows "that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); See also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Scheffer v. Civil Service Emp. Ass'n, Local 828*, 610 F.3d 782, 787 (2d Cir. 2010). As one Court has held in granting summary judgment, "[w]hen the moving party has met this initial burden…, the opposing party must 'set out specific facts showing a genuine issue for trial,' and cannot rest 'merely on allegations or denials' of the facts asserted by the movant." *Bacolitsas v. 86th & 3rd Owner, LLC*, 2010 WL 3734088, at *3 (S.D.N.Y. Sept. 21, 2010) (quoting Fed. R. Civ. P. 56(e)(2)).

Partial summary judgment is particularly appropriate where, as here, it is based on the plaintiffs' own admissions. In such cases, courts recognize that no reasonable juror would disregard a party's sworn admissions and find in their favor. See Delchi Carrier SpA v. Rotorex Corp., 71 F.3d 1024, 1028 (2d Cir. 1995) (affirming grant of plaintiff's motion for summary judgment based on "ample admissions"); In re WorldCom, Inc. Sec. Litig., 346 F. Supp. 2d 628, 660-61 (S.D.N.Y. 2004) (partially granting plaintiffs' partial summary judgment motion based on defendants' admission).[2]

### B.    Plaintiff Cesar Gonzalez

Cesar Gonzalez ("Gonzalez") is the lead plaintiff herein. In the FAC Gonzalez alleges that he worked at Flavors as a food preparer from February 2012 to the date of the initial complaint herein.[3] FAC §49. Gonzalez then accuses defendants of serious wage and hour violations including:

(a)   That he was paid a "fixed" weekly salary, irrespective of his actual worked hours; (FAC §57)

(b)   That he regularly worked overtime hours without any compensation; (FAC §53-57)

(c)   That defendants unlawfully deducted $15.00 from his wages every time he was late go work; (FAC §60)

(d)   That he was required to "purchase" his work uniform with his own funds; FAC §62) and

---

[2] See also Daimler Chrysler Ins. Co. v. Pambianchi, 762 F. Supp. 2d 410, 427 (D. Conn. 2011) (granting plaintiffs' motion for summary judgment based on defendant's admissions in deposition and public disclosures); Humane Soc. of U.S. v. HVFG, LLC, 2010 WL 1837785, at *7 (S.D.N.Y. May 6, 2010) (granting in part plaintiff's motion for summary judgment based on defendants' admissions and deposition testimony); Moe v. United States, 668 F. Supp. 2d 497, 508 (W.D.N.Y. 2009) (granting summary judgment motion based on a party's "admissions during deposition").

[3] At his deposition, Gonzalez conceded that he actually began working at Flavors Café in February 2013. Gonzalez deposition at p.13.

      (e)      That defendants failed to provide him with statutory wage notices as required by Section 195-1 of the New York Labor Law. (FAC §61)

However, at his deposition Gonzalez dramatically changed his story. In response to questioning, Gonzalez flatly denied that he had *ever* been paid a "fixed" weekly wage during his employment at Flavors Café. Instead, he conceded that during his entire employment he was required to contemporaneously record his work hours and was paid for every single minute he worked for defendants. Gonzalez deposition at pp. 14, 29, 38-39. He conceded that he was paid appropriate overtime compensation when he exceeded 40 hours of work in any week, and denied that defendants had made *any* deductions from his wages. Id. at pp. 27, 56. He also confirmed that he received a weekly wage statement each week he was employed by defendants reflecting his hours worked and how his wages were calculated for the week in question. Id. at pp. 16, 27, 39-40.

Gonzalez also admitted that defendant provided him, free of charge, with customized tee shirts, aprons and hats which he was required to wear when he worked, and that his only obligation was to wear black pants while on duty. Id. at pp. 14-15.

Gonzalez also confirmed that defendants provided him with statutory wage notices, in English and Spanish, as required by Section 195(1) of New York Labor Law during his employment. Hoffmann Affirmation at Exh. "C"; Gonzalez deposition at pp. 16-18.

After confirming that defendants paid him to the letter of law during his employment, Gonzalez was asked why then he had decided to sue them. Incredibly, Gonzalez testified that the reason he commenced this action against defendants (and became the lead plaintiff) is because on occasion he "didn't like" the way his manager spoke to him. Id. at pp. 20, 24-25.

In sum, notwithstanding that he was clearly paid properly, Gonzalez and his attorneys decided to commence and for him to be the lead plaintiff in a contrived and perjurious lawsuit against defendants because he didn't like the tone of his manager's voice. Such wanton abuse of the judicial system should not be countenanced.

### C.  Plaintiff Juan Carlos Diaz Bravo

Plaintiff Diaz Bravo alleges in the FAC that he worked at Flavors Café for 17 months beginning in February 2014 and concluding in June 23, 2014. FAC §130. He further alleges that he was not provided with overtime compensation for the hours that he worked in excess of 40 in each week and that defendants failed to pay him for all of the hours he actually worked.  FAC §134-136, 142. The FAC further alleges that defendants failed to pay Diaz Bravo for his last three days of employment. FAC § 141.

Like Cesar Gonzalez, Diaz Bravo's story changed radically when he was deposed.

First, Diaz Bravo conceded that contrary to the claims set forth in the FAC, he actually worked at Flavors Café for only three months. Diaz Bravo's deposition at pp. 9, 21.

Diaz Bravo also conceded that during his short employment with defendants he contemporaneously accounted for and was properly paid for every minute he worked – including his overtime hours. Id. at pp. 26, 37, 45.

Diaz Bravo then clarified his real reason for commencing suit against defendants. It is truly a remarkable story and exemplifies how our judicial system and the laws protecting employees can be abused by disingenuous parties in order to coerce small business owners into undeserved settlements.

According to Diaz Bravo, he was terminated by Flavors Café in July 2015 after three months of work.  Diaz Bravo's deposition at pp. 12-13.

Diaz Bravo claims that at the time of his dismissal, defendants owed him wages for his last two days of work as well as seven hours of overtime he had worked earlier in that week. Id. at pp. 23-24. He claims that this amounted to between $250 and $300. Id. at 49. Diaz Bravo testified that he commenced the instant action soley to collect this amount from defendants. Id. at pp. 26, 49.

However, on cross examination at his deposition Diaz Bravo admitted that on his last day of work defendants actually offered to pay him the wages he was owed (the final two days of pay and seven hours of overtime from earlier that week) but that he refused to accept it because he wouldn't sign his name to a written acknowledgment confirming his receipt of these monies. Id. at pp. 42, 45.

Diaz Bravo testified that he had refused to sign the acknowledgment because it was written in English and he was unable to read it. Id. at 42-43. Incredibly, Diaz Bravo admitted that the two managers who were present when he was offered his final pay and asked to sign the acknowledgment both speak Spanish yet he didn't bother to ask them to translate the document for him. Id. at 42-43.

Diaz Bravo also admitted at his deposition that subsequent to his termination representatives of Flavors Café telephoned him, wrote to him and left him text messages requesting that he come to the store to pick up his final wages. Id. at pp. 25-27, 47-49. In fact, he acknowledges that Kimberly, the store's bookkeeper, called him after his termination, and that he "hung up" on her because he knew she was calling to request that he come to the store and pick up his final wages but was concerned that someone might try to intimidate him. Id. at pp. 47-48.

So, instead of simply accepting defendants' proffer of the $250-$300 he was owed at the time of his termination or complying with defendants' numerous entreaties to pick up his final check, Mr. Diaz Bravo and his attorneys instead decided to commence a federal lawsuit against defendants. Even worse, the FAC that was filed on his behalf set forth trumped up and perjurious claims for unpaid overtime compensation and "off the clock" wages due.

Defendants have now spent many thousands of dollars defending against Diaz Bravo's ridiculous claim for the $250-$300 in wages that they practically begged him to accept. Defendants contend that such conduct bespeaks a profound disrespect for the Court and warrants sanction.

## CONCLUSION

Based on the foregoing, defendants request that the Court grant its motion for partial summary judgment dismissing the claims alleged on behalf of plaintiffs Cesar Gonzalez and Juan Carlos Diaz Bravo in the FAC and for such further relief as the Court deems appropriate.

Dated: New York New York
      July 26, 2016

                                              **HOFFMANN & ASSOCIATES**

                            By: _____**/s/Andrew S. Hoffmann**_____
                                    Andrew S. Hoffmann
                                    *Andrew.Hoffmann@HoffmannLegal.com*
                                    Tram D. LoPresto
                                    *Tram.LoPresto@HoffmannLegal.com*
                                    *Attorneys for Defendants 27 W.H. Bake, LLC (d/b/a Flavors Café), Amr Motair, Ramy Motaiyr and Steve Tenedios*
                                    450 Seventh Avenue, Suite 1400
                                    New York, New York 10123
                                    Ph:  (212) 679-0400
                                    Fax:  (212) 679-1080